UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ROSEANNE KINNEY,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>Defendant. | No. 1:21-cv-00554-GSA<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR EAJA ATTORNEY'S FEES**<br><br>**(Doc. 24)** |

### I. Introduction and Procedural Background

On April 1, 2021 Plaintiff Mary Roseanne Kinney ("Plaintiff") sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for social security benefits. Doc. 1. The Commissioner filed the Certified Administrative Record on June 30, 2022. Doc. 18. On August 15, 2022, Plaintiff filed a motion for summary judgment. Doc. 20. Defendant filed no response. Rather, on September 29, 2022 the parties stipulated to remand the matter to the agency for further proceedings under sentence four of 42 U.S.C. 405(g). Doc. 21. Judgment was entered in Plaintiff's favor. Doc. 23.

Plaintiff now moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), seeking $7,831.44 in fees and $627.00 in costs.[1] Doc. 24. In support of the request, Plaintiff's counsel filed a declaration containing billing and time records. Doc. 24-1.

### II. Discussion

#### A. Substantial Justification

##### 1. Legal Standard

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses

---

[1] Although counsel did not itemize his costs, it is apparent that the $627 he seeks corresponds to the $402 filing fee plus the $225 fee for admission *pro hac vice*.

1

>which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

A plaintiff appealing a denial of Social Security benefits need not be awarded benefits to be considered a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). A plaintiff who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is also considered a prevailing party under the EAJA. *Id.* A prevailing party is entitled to a fee award when the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). While the prevailing party must only allege that the position of the United States was not substantially justified, the United States must carry the burden of establishing substantial justification. *See* 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

"To establish substantial justification, the government need not establish that it was correct or 'justified to a high degree' . . . only that its position is one that 'a reasonable person could think it correct, that is, has a reasonable basis in law and fact.'" *Ibrahim v. DHS*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc) (quoting *Pierce v. Underwood*, 487 U.S. 552 (1988)). The substantial justification standard is satisfied if there is a "genuine dispute" of fact or law, even if the court ultimately rules against the government. *See Pierce*, 487 U.S. at 565. The determination of substantial justification is within the discretion of the district court. *Pierce v. Underwood*, 487 U.S. 552 (1988); *McDonald v. Sec'y of Health & Hum. Servs.*, 884 F.2d 1468, 1473 (1st Cir. 1989).

Pursuant to 28 U.S.C. § 2412(d)(2)(D) "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency

upon which the civil action is based . . .'" Thus, the substantial justification standard applies not only to the underlying agency action in denying benefits, but also to the legal and factual positions advanced by the government's attorneys during the litigation.

### 2. Analysis

Plaintiff is indisputably a prevailing party, as she obtained a judgment pursuant to stipulation. There is no contention that she is otherwise ineligible under 28 U.S.C. § 2412(d)(2)(B) based on her assets. Substantial justification of the Defendant's position is not at issue as Defendant did not file an opposition to Plaintiff's motion for summary judgment nor did Defendant oppose the fee motion. A fee award is therefore appropriate.[2]

### B. Fee Amount

#### 1. Legal Standard

Having determined a fee award is appropriate, the Court must consider the reasonableness of the fee request. *See* 28 U.S.C. § 2412(d)(2)(A). The Court has an "independent obligation for judicial review of the reasonableness of the amount of fees sought under the EAJA regardless of whether the request is opposed." *Douzat v. Saul*, 2020 WL 3408706, at *1 (D. Nev. June 11, 2020), citing *Lucas v. White*, 63 F. Supp. 2d 1046, 1060 (N.D. Cal. 1999). "This obligation is consistent with Ninth Circuit precedent outside the EAJA context that similarly highlights the Court's duty to review the reasonableness of a fee request." *Id,* citing *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (in addressing request for fees under 42 U.S.C. § 1988, indicating that "the district court is required to independently review [a] fee request even absent . . . objections").

Under fee shifting statutes, the movant generally bears the burden of documenting hours and establishing reasonableness of the fee request. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424,

---

[2] In such circumstances, the common practice in this district is for the parties to confer, agree to a reasonable fee amount, and file a stipulation and proposed order for payment of EAJA fees. Despite Defendant filing no objection to the fee motion, no stipulation or proposed order was forthcoming.

434 (1983). In addition to the overall fee request, each individual billing entry is also subject to scrutiny. *Spegon v. Catholic Bishop*, 175 F.3d 544, 552 (7th Cir. 1999). Counsel is entitled to compensation for all work a reasonable and prudent lawyer would undertake to advance her client's interests. *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

EAJA hourly rates are capped at $125.00 per hour plus annual cost of living adjustments pursuant to the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and published electronically by the Ninth Circuit Court of Appeals. *See* 9th Cir. R. 39-1.6. The itemized bill filed here reflects that Plaintiff's counsel performed work in 2021 and 2022. The rate set for 2021 and 2022 was $217.54 per hour and $234.95 per hour, respectively.[3]

### 2.  **Analysis**

Here, counsel performed 48.6 hours of work pursuing this case to judgment. Doc. 24-1 at 3. However, "in act of billing discretion" counsel only seeks compensation for 36 hours. Doc. 24 at 2.

"Courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012), quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). District courts often decline to do a line by line review of the fee petition where the overall number of hours expended was reasonable. *See, e.g.*, *Allen v. Berryhill*, Case No. 17-cv-03384-SI, 2019 WL 343422 (N.D. Cal. January 28, 2019) (70.85 hours); *Thompson v. Colvin* (E.D. Cal., Apr. 17, 2015, No. 2:12-CV-01850-AC) 2015 WL 1767733, at *2 (63.4 hours); *Schneider v. Colvin* (E.D. Cal., Feb. 9, 2016, No. 1:14-CV-0034-SKO) 2016 WL 500595, at *4 (55.4 hours)).

---

[3] *See* United States Courts for the Ninth Circuit, Statutory Maximum Rates Under the Equal Access to Justice Act, *available* at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited April 12, 2023).

Other courts do conduct line-by-line reviews of fee petitions and deduct time sought for non-compensable work and for certain time entry practices. *See e.g.*, *Henderson v. Comm'r of Soc. Sec.*, No. 1:20-CV-0562 JLT, 2021 WL 2457540, at *3 (E.D. Cal. June 16, 2021) (eliminating time entries for duplicative tasks); *Mallard v. Berryhill,* No. 1:17-CV-01212 - JLT, 2019 WL 2389506, at *3 (E.D. Cal. June 6, 2019) (same); *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) (unpublished) (affirming reductions for clerical tasks, vague narratives, block billing, and use of quarter-hour billing increments).

Here, the overall number of hours sought and the individual billing entries are reasonable. The Certified Administrative Record (CAR) was 3,457 pages in length, which is much longer than average. On the one hand, the majority of the CAR consisted of medical records, and counsel's motion for summary judgment did not provide much discussion of those medical records. Nevertheless, the Court has no basis to question counsel's itemization which reflects a significant portion of time was spent reviewing the lengthy CAR even though he ultimately determined the medical records were not central to his claims and did not warrant extensive discussion.

Additionally, the topics counsel did cover in his motion appear to have been covered with reasonable clarity, depth, and detail, including: 1) the regulatory prohibition on mechanical application of age categories in a borderline age case; 2) unresolved vocational conflicts concerning reasoning level of the jobs identified by the Vocational Expert at step five; 3) unresolved vocational conflicts concerning reaching and noise exposure; and 4) the legitimacy of former Commissioner Berryhill's appointment of the ALJ who presided over Plaintiff's administrative hearing.

Further, the content of counsel's motion was presumably at least a partial factor in the Commissioner's decision to stipulate to remand in lieu of filing an opposing brief, thereby saving the parties and the court additional time to brief and adjudicate the motion. On balance, 36 hours appears to be a reasonable time expenditure to pursue this case to judgment.

As to the individual time entries, there are no glaring issues to warrant deductions such as block billing, quarter hour billing, or billing for purely clerical tasks.  Although a few entries may appear to describe some quasi-administrative tasks, any deduction for such entries from the 48.6 hour total would be subsumed in counsel's self-imposed reduction from 48.6 hours to 36 hours.

### III. Order

Accordingly, Plaintiff's motion for attorney fees (Doc. 24) is **granted.**  Fees and costs in an amount of $8,458.44 are awarded in favor of Plaintiff Mary Roseanne Kinney and against Defendant Kililo Kijakazi, Commissioner of Social Security.

Fees and costs shall be made payable to Plaintiff.  The Department of the Treasury shall determine whether Plaintiff owes a federal debt.  If she does not owe a federal debt, **and if Plaintiff's counsel produces an agreement signed by Plaintiff assigning EAJA fees to her attorney, David Chermol,[4]** then the government shall cause the payment of $8,458.44 in fees and costs to be made directly to Plaintiff's Counsel, David Chermol, Esq., mailed care of the Law Offices of Chermol and Fishman.

IT IS SO ORDERED.

Dated:  **April 12, 2023**              /s/ Gary S. Austin
                                  UNITED STATES MAGISTRATE JUDGE

---

[4] The assignment agreement is typically attached to the fee motion, though counsel produced no assignment agreement here, a fact which he appears to acknowledge in his proposed order which states that the fee payment is contingent on him producing an assignment agreement to the SSA.